706 So.2d 41 (1998)
STATE of Florida, Petitioner,
v.
M.D., a child, Respondent.
No. 97-04077.
District Court of Appeal of Florida, Second District.
January 14, 1998.
*42 Robert A. Butterworth, Attorney General, Tallahassee; and Robert J. Krauss, Assistant Attorney General, Bernie McCabe, State Attorney, and C. Marie King, Assistant State Attorney, Clearwater, for Petitioner.
M.D., pro se.
PER CURIAM.
The State petitions this court for certiorari and mandamus relief from the juvenile trial court's decision to defer disposition in a delinquency case in order, it alleges, to avoid the legislative mandate of section 322.056(1), Florida Statutes (1995), which requires trial courts to direct that the driving privileges of offenders under 18 years of age be suspended if they have been found guilty of or delinquent for a violation of certain offenses. We quash the trial court's order, which postponed disposition for a period of nearly eight months, and direct the court to proceed with disposition of this case in a timely manner.
On September 16, 1997, M.D. entered a guilty plea to the offense of misdemeanor possession of marijuana. At the hearing, he signed a plea form which the trial court endorsed indicating acceptance of the plea. Disposition was deferred until May 11, 1998, which falls five days after M.D.'s eighteenth birthday. At that time he will no longer be subject to the mandatory suspension of his driving privileges required by section 322.056(1).
The State alleges, and it is clear from the transcript of the proceeding, that the trial judge postponed disposition in order to avoid the license suspension required by the statute. Although section 322.055, Florida Statutes (1995), imposes similar suspension requirements on adults who are convicted of certain drug offenses, this statute would not apply to M.D. after he reaches the age of 18 because he was not prosecuted as an adult. By arranging for his dispositional hearing just days after his eighteenth birthday, the trial court has created a small window between sections 322.055 and 322.056, Florida Statutes (1995), which allows M.D. to avoid the sanction mandated by these statutes.
The State argues that the trial court departed from the essential requirements of law by manipulating its docket to shield M.D. from the reach of the statute. We agree. The language of section 322.055 leaves no discretion in the presiding judge. Furthermore, the mandate of the statute cannot be avoided by the trial court's announcement that adjudication is withheld, because the statute is triggered when a person under 18 years of age "is found guilty or delinquent for a violation of [enumerated offenses]." M.D. entered a guilty plea. The trial court's acceptance of the plea constitutes a finding of delinquency. See State v. R.N., 597 So.2d 862 (Fla. 5th DCA 1992). Because the plea was entered and accepted while M.D. was 17 years of age, the trial judge was required to direct the Department of Highway Safety and Motor Vehicles to suspend his driving privileges. Therefore, the failure to do so constitutes a departure from the essential requirements of law, for which the State has no remedy on direct appeal, as M.D. will have escaped the application of section 322.056(1) were the State to wait to appeal the disposition which has been deferred until after his eighteenth birthday.
Certiorari granted, order deferring disposition until May 5, 1998, quashed, and remanded for further proceedings consistent with this opinion.
ALTENBERND, A.C.J., and BLUE and FULMER, JJ., concur.